IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RALPH LEWIS FULWIDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-01220-SCW |
| | ) |
| AIR & LIQUID SYSTEMS CORP., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

### I.     Introduction

Before the Court is Plaintiff's Motion to Remand (Doc. 115). Plaintiff originally filed this suit in the Circuit Court, Third Judicial Circuit, Madison County, Illinois on September 25, 2013 (Doc. 3-2). Defendant Crane Company filed a Notice of Removal in this Court on November 25, 2013 based on federal officer removal pursuant to 28 U.S.C. §§ 1442 (a)(1) and 1446 (Doc. 3). Plaintiff filed the instant Motion to Remand on November 20, 2013, alleging that federal officer removal jurisdiction does not exist in this case because "Defendant Crane has no colorable federal defense." (Doc. 115, p. 5). For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 115) is **DENIED**.

### II.     Federal Officer Removal Standard

The federal officer removal statute is an exception to the well-pled complaint rule, which requires federal jurisdiction to arise on the face of the complaint. ***Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012) (citing *Mesa v. California*, 489 U.S. 121, 136 (1989))**. § 1442(a)(1)

1

permits the removal of the entire case, even though the federal officer defense may not apply to all of the claims. *Alsup v. 3-Day Blinds, Inc.*, **435 F. Supp. 2d 838, 844 (S.D. Ill. 2006)**. The claims not subject to the federal officer jurisdiction are subject to a type of ancillary jurisdiction. *Futch*, **2007 WL 1752200 at \*4 (citing 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman,** *Federal Practice and Procedure* **§ 3727 (3d ed. 1998 & Supp. 2007))**.

As a general matter, the "federal officer removal statute is not 'narrow' or 'limited.'" *Ruppel*, **701 F.3d at 1180 (quoting** *Willingham v. Morgan*, **395 U.S. 402, 406 (1969))**. In order to sustain federal officer removal jurisdiction, the defendant "must show it was a (1) person (2) acting under the United States, its agencies, or is officers (3) that has been sued for or relating to any act under color of such office, and (4) has a colorable federal defense to the plaintiff's claim." *Id.* **at 1180-81 (internal quotations omitted).** The first three elements are not at issue in the instant motion, and discussion will therefore be limited to the fourth element: a colorable federal defense. In order to establish a colorable federal defense, a defendant merely needs to assert a "plausible" defense. *Id.* **at 1182.**

Specifically relating to Plaintiff's use of asbestos claim, "federal interests preempt state law duties and immunize defendants when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id.* **at 1183 (quoting** *Boyle v. United Technologies Corp.*, **487 U.S. 500, 511-12 (1988)).**

As for Plaintiff's failure to warn claim: "the government contractor defense is applicable ... when the defendant can show that: (1) the government exercised its discretion and approved certain warnings, which must go beyond merely rubber stamping the contractor's choice; (2) the contractor

provided the warnings required by the government; and (3) the contractor warned the government about dangers in the equipment's use that were known to the contractor but not to the government." *Id.* **at 1185 (internal quotations omitted).**

### III.  Discussion

#### Use of Asbestos Claim

Plaintiff has not addressed the propriety of federal officer removal jurisdiction in the context of his use of asbestos claim (Doc. 115). However, Defendant Crane Co. notes in its brief that it has offered evidence satisfying each element of the federal contractor defense as to that claim (Doc. 241, p. 5). Crane Co. presented evidence that (1) the United States approved reasonably precise specifications, and (2) the valves Crane Co. in fact sold to the United States conformed to those specifications (Doc. 3-3, p. 2). *See also* (Doc. 3-4, pp. 14-19) ("Asbestos and Insulation in the Navy"). Crane Co. also submitted evidence that (3) Crane Co. was not aware of any dangers relating to asbestos use that were not known to the government (Doc. 3-13, p. 11) ("As early as 1922, the Navy recognized … the health hazards associated with airborne asbestos dust …"). The Seventh Circuit has acknowledged a federal contractor defense to use of asbestos claims under similar factual circumstances. *See Ruppel*, **701 F.3d at 1184-85.** Therefore, the Court finds that federal officer removal jurisdiction is proper in this case under § 1442(a)(1) as to Plaintiff's use of asbestos claim. Furthermore, § 1442(a)(1) permits the removal of the entire case, even though the federal officer defense may not apply to all of the claims. *Alsup*, **435 F.Supp.2d at 844.** Thus, federal officer removal jurisdiction is proper over the entire case, not just the use of asbestos claim.

#### Failure to Warn Claim

The Court also finds that federal officer removal jurisdiction is proper as to Plaintiff's failure to warn claim. Plaintiff makes a number of contentions attempting to counter this point (Doc. 115), but all fail. First, Plaintiff misstates the legal standard for a federal contractor defense to

3

failure to warn claims, and mistakenly relies on the standard for use of asbestos claims (Doc. 115, p. 2). *See Ruppel*, **701 F.3d at 1185.** Further, Plaintiff contends that Defendant Crane Co.'s only evidence of "precise specifications on asbestos warnings to end-users" is "expert speculation." (Doc. 115 p. 2). Again, Plaintiff misstates the standard: Defendant Crane Co. does not need to show precise specifications, and therefore an alleged lack of evidence on that point is irrelevant.

Plaintiff also contends that Defendant Crane Co. has not shown a "conflict between its state law duty to provide adequate warnings to the users of its products and the conditions imposed on it pursuant to the agreements it entered into with the government." (Doc. 115 pp.5-6). Again, Plaintiff misstates the standard: Defendant Crane Co. does not need to show a conflict between state law and its contractual obligations to the federal government. Plaintiff attempts to side step the holding of the Seventh Circuit in *Ruppel*, and presents a number of contrary holdings from other circuits. However, the Seventh Circuit's opinion in *Ruppel* is binding on this Court. Plaintiff contends that "The *Rupple* (sic) court simply does not examine the evidence to determine if there was a conflict…" (Doc. 115, p. 19). However, the Seventh Circuit expressly rejected this contention in *Ruppel*: "The district court required and Ruppel incorrectly asserts that the government contractor defense requires the Navy to have precluded adequate warnings." ***Ruppel*, 701 F.3d at 1185, n.2.** Plaintiff may disagree with the Seventh Circuit's holding, but this Court is nevertheless bound by it.

Defendant has presented evidence that the Navy exercised its discretion and approved certain warnings: "[T]he Navy developed precise specifications as to the nature of any markings, communication or directions affixed to or made a part of any equipment supplied …" (Doc. 3-4, p. 24). Furthermore, the Navy conducted "word-by-word line edits" of technical manuals, including cautionary language (Doc. 3-4, pp. 24-25). Also, Defendant has asserted that its equipment adhered to the Navy's specifications (Doc. 3-3, p. 2). Finally, Defendant passes muster on the third

element—which is identical to that for use of asbestos claims—because the government had at least as much knowledge as Defendant regarding the dangers of asbestos (Doc. 3-3, p. 11).  Defendant has therefore presented a colorable federal defense to Plaintiff's failure to warn claim.

Plaintiff makes much of its unsupported assertion that Defendant Crane Co. has never successfully raised a federal contractor defense in response to a failure to warn claim (Doc. 115, p. 25).  Defendant disagrees with this assertion (Doc. 241, p. 13), but this is irrelevant.  Even assuming that Plaintiff is correct, the Seventh Circuit does not require that Defendant be able to ultimately prove the federal defense: the correct standard merely requires that Defendant present "a colorable federal defense."  *Ruppel,* **701 F.3d at 1180.**  Defendant has done so in this case, and therefore Plaintiff's contention that Defendant has never successfully proven that defense is irrelevant.  Plaintiff's Motion to Remand (Doc. 115) is therefore **DENIED**.

### IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 115) is **DENIED**.

**IT IS SO ORDERED.**
**DATE:** April 11, 2014

*/s/ Stephen C. Williams*
**STEPHEN C. WILLIAMS**
United States Magistrate Judge